IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOAN PRESCOTT, dba ALOHA HAPPY PLACE,<br><br>Defendant. | CIVIL NO. 18-cv-00127 JAO-KJM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

Before the Court is Plaintiff State Farm's Motion for Summary Judgment on its declaratory relief action, seeking a judgment that State Farm is not required to defend its insured Defendant Joan Prescott against a complaint brought against her. For the reasons set forth below, the Motion is GRANTED.

## II.  BACKGROUND

State Farm insures Joan Prescott's bed and breakfast business with a business liability policy (the "Policy").  The Policy requires State Farm to indemnify Prescott for certain specified liabilities, and to defend Prescott against lawsuits that may give rise to those covered liabilities.  ECF No. 17-10.  In May of

2017, Ronald Ober ("Ober") sued Prescott in the Circuit Court of the Third Circuit of the State of Hawaiʻi (the "Underlying Suit"). ECF No. 17-7. Prescott sought State Farm's defense of the Underlying Suit, and it appears State Farm began defending the suit with a reservation of rights. *See* ECF No. 17-1 at 10. State Farm then brought this action seeking a declaratory judgment that the Policy does not require State Farm to defend Prescott in the Underlying Suit.

### A. The Underlying Suit

The Underlying Suit alleges the following: (1) that Prescott began using Ober's trade name of "Volcano Inn" for her competing bed and breakfast despite knowing that Ober was already using the name, *see* ECF No. 17-7 at ¶¶ 1–16; (2) that in 2009, Ober received a judgment against Prescott for using the "Volcano Inn" name, and that the judgment barred Prescott's continued use of the name, *see* ECF No. 17-7 at ¶¶ 17–18; (3) that Prescott entered into a settlement agreement with Ober in 2012, in which Prescott stated that she no longer used the name "Volcano Inn" in any business capacity, *see* ECF No. 17-7 at ¶ 22; and (4) that despite the state court judgment and settlement agreement, since at least 2012 to the present, Prescott has continued to use the name "Volcano Inn" in her internet listings, advertising, and domain name, *see* ECF No. 17-7 at ¶¶ 23–29.

The Underlying Suit asserts seven causes of action, as described below.

### i. Count I—Infringement, Conversion and Theft of Trade Name

Count I alleges that Prescott's use of the name "Volcano Inn" for her bed and breakfast, such as in her domain name, internet listings, and advertisements, infringed on Ober's trade name. *Id.* at 7.

### ii. Count II—Constructive Trust

Count II alleges that Prescott was unjustly enriched by using the name "Volcano Inn," and seeks to hold all unjust proceeds in constructive trust for plaintiff Ober. *Id.* at 7–8.

### iii. Count III—Equitable Lien

Count III alleges that Prescott was unjustly enriched by using the name "Volcano Inn," and seeks to establish an equitable lien on the property so that Ober can recover the unjust proceeds. *Id.* at 8.

### iv. Count IV—Interference with Prospective Economic Advantage

Count IV alleges that Prescott's use of the name "Volcano Inn" interfered with Ober's business opportunities. *Id.* at 8–9.

### v. Count V—Unfair and Deceptive Competition and Business Practices

Count V alleges that Prescott's use of the name "Volcano Inn" violated HRS Chapters 480 and 481A. *Id.* at 9.

### vi. Count VI—Fraud and Deceit

Count VI alleges that Prescott's use of the name "Volcano Inn" constituted a fraud because she had previously stated that she discontinued using the name "Volcano Inn." *Id.* at 9–10.

### vii. Count VII—Intentional and/or Negligent Infliction of Emotional Distress

Count VII alleges that Prescott's use of the name "Volcano Inn" caused Ober emotional distress. *Id.* at 10.

Every cause of action alleged in the Underlying Suit concerns Prescott's use of the name "Volcano Inn" for her bed and breakfast, such as in her domain name, her internet listings, and her advertisements. *See id.* at ¶¶ 25–26. None of the causes of action allege any other cause of damage; they merely assert different legal theories of recovery. *Id.*

### B. The Policy

The Policy provides business liability coverage for "those sums that [Prescott] becomes legally obligated to pay as damages because of [1] 'bodily injury,' [2] 'property damage,' or [3] 'personal and advertising injury' to which [the] insurance applies." ECF No. 17-10 at 24. It requires State Farm to defend Prescott "against any 'suit' seeking those damages," but the Policy disclaims any duty to defend Prescott against any suit "to which [the] insurance does not apply." *Id.*

The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these," and "includes mental anguish or other mental injury caused by the 'bodily injury.'" *Id.* at 35. The Policy defines "property damage" as "[p]hysical injury to tangible property . . . or [l]oss of use of tangible property . . . provided such loss of use is caused by physical injury to or destruction of other tangible property." *Id.* at 37. "Personal and advertising injury" is defined in relevant part as "injury . . . arising out of . . . infringing upon another's copyright, trade dress or slogan in [the insured's] 'advertisement.'" *Id.* at 37. The Policy also limits coverage for "bodily injury" and "property damage" to damage caused by an "occurrence," which is defined as an "accident." *Id.* at 24, 37.

The Policy excludes coverage for any "personal and advertising injury" (1) "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'"; or (2) "[a]rising out of the unauthorized use of another's name or product in [the insured's] e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers." *Id.* at 29 [exclusions 17.a and 17.m].

### C. Procedural History

State Farm filed the Complaint for declaratory judgment on April 2, 2018 and filed its Motion for Summary Judgment on November 7, 2018. The Motion

5

for Summary Judgment was scheduled for hearing on March 8, 2019. Prescott filed her Memorandum in Opposition to the motion on December 10, 2018. ECF No. 19-2. As part of her filing, Prescott requested "that the Motion be denied or extended to a later date in order that [Prescott] have ample time to obtain an opinion letter on the policy." ECF No. 19 at 2. The Court construed this language as a request to continue the hearing date. ECF No. 20. The hearing date was continued to April 19, 2019. ECF No. 23. On April 5, 2019, Prescott filed a "Reply Memorandum in Opposition" to State Farm's Motion for Summary Judgment. ECF No. 32. The Court struck the reply as an untimely opposition, or in the alternative as a sur-reply filed without leave of court.[1] ECF No. 33. The hearing was held on April 19, 2019.

### III. APPLICABLE LAW

The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332; therefore Hawai'i substantive law applies. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

---

[1] Even if the Court allowed Prescott to file what amounts to a sur-reply, the outcome would be no different, because Prescott's filing states that coverage of the complaint "is unambiguously precluded by the Policy's exclusions." ECF No. 32 at 2.

## A. Summary Judgment on Insurer's Duty to Defend

An insurer's duty to defend its insured against claims covered by an insurance policy is broad. The duty to defend emerges once there is any possibility that the claims will give rise to indemnification. *See Tri-S Corp. v. W. World Ins. Co.*, 110 Haw. 473, 488 (2006) (quoting *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 411 (2000)). Thus, for an insurer to prevail on a motion for summary judgment, the insurer must prove "that it would be impossible" for any of the claims asserted to give rise to covered liability. *Dairy Rd.*, 92 Haw. at 412. An insurer has a duty to defend where there is any possibility for coverage, "even if remote." *Burlington Ins. Co. v. Oceanic Design & Const., Inc.*, 383 F.3d 940, 944 (2004). Further, "[a]ll doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured." *Dairy Rd.*, 92 Haw. at 412 (citation and quotation marks omitted).

An insurer is obligated to defend against the entire suit even where some, but not all, of the claims alleged might fall within the policy coverage. *Burlington*, 383 F.3d at 944 (quoting *Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co.*, 76 Haw. 166, 169 (1994)); *First Ins. Co. of Haw., Inc. v. State*, 66 Haw. 413, 417–18 (1983) ("[T]he insurer is obligated to provide a defense against the allegations of covered as well as [] noncovered claims." (quoting 7C J. Appleman, *Insurance Law & Practice* § 4684.01 (Berdal 1979))). Thus, where some of the

allegations in the underlying complaint give rise to a possibility of indemnification but other allegations do not, the insurer must still defend against the lawsuit. *See, e.g.*, *State Farm Fire & Cas. Co. v. Hanohano*, 158 F. Supp. 3d 1023, 1032 (D. Haw. 2016).

### B.　Insurance Contracts

Insurance contracts are subject to the general rules of contract construction. *Dairy Rd.*, 92 Haw. at 411. As such, insurance policies are "interpreted according to their plain, ordinary, and accepted sense in common speech unless it appears from the policy that a different meaning is intended." *Id.* Insurance policies "must be construed liberally in favor of the insured and [any] ambiguities [must be] resolved against the insurer." *Id.* at 412 (quoting *Sturla, Inc. v. Fireman's Fund Ins. Co.*, 67 Haw. 203, 209 (1984)) (alterations in original). The Hawaiʻi Supreme Court mandates construing insurance policies "in accord with the reasonable expectations of a layperson." *Id.*

### IV.  DISCUSSION

The terms of the Policy are clear: State Farm need not defend Prescott unless the Underlying Suit alleges: (1) property damage and/or bodily injury caused by an accident or (2) "personal and advertising injury." The Policy excludes coverage for "personal and advertising injury" if caused by Prescott's unauthorized use of another's name. Because the Underlying Suit alleges injury

8

caused solely by Prescott's unauthorized use of the "Volcano Inn" name, State Farm has no duty to defend.

### A. Bodily injury or property damage

Counts I through VI in the Underlying Suit do not allege any bodily injury or property damage. They only allege business-related injury stemming from Prescott's use of the trade name "Volcano Inn." While it could be argued that business injuries amount to property damage, the Policy covers "property damage" only where physical damage to tangible property has occurred. ECF No. 17-10 at 37. The Underlying Suit makes no allegation of physical damage to tangible property, and thus the property damage coverage is inapplicable. Thus, there is no possibility of coverage for Counts I through VI under the "bodily injury" or "property damage" coverage provisions.

Count VII alleges Intentional and Negligent Infliction of Emotional Distress. Although coverage for "bodily injury" includes "mental anguish," the coverage only applies to mental anguish "caused by the 'bodily injury.'" ECF No. 17-10 at 35. Because the Underlying Suit does not allege any bodily injury and attributes the mental anguish solely to Prescott's unauthorized use of the name "Volcano Inn," the Policy's bodily injury provision does not cover the infliction of emotional distress allegation in Count VII.

### B. Personal and advertising injury

Counts I through VII do, however, allege "personal and advertising injury." The Policy's "personal and advertising injury" coverage includes injury arising from "infring[ment] upon another's copyright, trade dress or slogan in [the insured's] 'advertisement.'" *Id*. at 37. However, the Policy's exclusions bar any possibility of coverage here.

Exclusion 17.m excludes coverage from any personal and advertising injury "[a]rising out of the unauthorized use of another's name or product in [the insured's] e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers." *Id.* at 29. The Underlying Suit claims damages caused by Prescott's unauthorized use of the name "Volcano Inn" in her domain name, internet listings, and advertising, which allegedly tricked consumers into booking reservations at her bed and breakfast instead of Ober's. ECF No. 17-7 at ¶¶ 25–26. Although the exclusion only explicitly mentions use of another's name in the insured's email address, domain name, or metatags, the Policy also excludes "any other similar tactics to mislead another's potential customers." ECF No. 17-10 at 29. There is no dispute that Plaintiff's alleged use of "Volcano Inn" in internet listings and advertisements amounts to such a similar tactic. Thus, the plain terms of the Policy clearly exclude the allegations in the Underlying Suit that

Prescott used Ober's trade name not only in her domain name, but also in her internet listings and advertisements.

It does not matter that the Underlying Suit pleads different causes of action because they arise from the same behavior. *See Bayudan v. Tradewind Ins. Co., Ltd.*, 87 Haw. 379, 387 (Ct. App. 1998) (holding that "the mere recasting" of underlying injurious conduct "under various counts" does not change whether the underlying injurious conduct is covered by the policy). Here, the factual support for Counts I through VII is the same: that Prescott used Ober's trade name in her domain name, internet listings, and advertisements. *Id.*

At the hearing, Prescott argued that exclusion 17.m does not apply because the Policy requires State Farm to defend any lawsuit against her as long as she complies with certain specified conditions, which she has met. Prescott relies on a section of the Policy addressing coverage of the insured's indemnitees, to the extent they are named in the suit. *See* ECF No. 17-10 at 24–25 [Section II – Supplementary Payments at 2.f]. But that section deals with coverage of Prescott's indemnitees, not Prescott, and is therefore irrelevant here.

Because none of the causes of action could possibly give rise to liability covered by the policy, State Farm has no duty to defend Prescott against the Underlying Suit.[2]

## V. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff State Farm's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 24, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 18-CV-00127-JAO-KJM, *STATE FARM V. PRESCOTT*, ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

[2] As a result of its ruling, the Court need not address State Farm's argument that Policy exclusion 17.a bars coverage.